PER CURIAM:
Claimant brought this action for vehicle damage from striking a crown at the intersection of Pennsylvania Avenue (U. S. 119) and Quarrier Street in Charleston. Pennsylvania Avenue is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 27, 1998, at about 5:00 p.m. After crossing Pennsylvania Avenue, Quarrier Street becomes Randolph Street. Pennsylvania Avenue is maintained by the State while Randolph Street is maintained by the City of Charleston. From Quarrier Street to Randolph Street is one-hundred twenty to one-hundred thirty feet. As one crosses the intersection at this point, claimant alleges that there is a pronounced crown on Pennsylvania Avenue, which caused the damage to his vehicle.
On the clear day in question, claimant was traveling westbound on Quarrier Street, proceeding to his residence from his place of employment. Claimant was traveling at the speed limit of thirty miles per hour in his 1962 Austin Healy 3000, a short wheel-based vehicle. As claimant’s vehicle crossed the intersection of Pennsylvania Avenue and Quarrier Street, his vehicle crossed the crown on Pennsylvania Avenue and then went nose first into the dip, with the front of his vehicle striking the surface of the road. The collision caused claimant’s vehicle to bounce, which in turn caused his forearm to move the gear shift lever, resulting in the transmission being put into reverse, destroying the transmission. After the incident, claimant alleges that he pushedhis 1,875 pound vehicle to Wyoming Street, approximately one and a half blocks *53 from Randolph Street[1].
Afterwards, claimant inspected his vehicle. Claimant observed that the linkage was intact but saw scars underneath the vehicle from the impact of the road. The vehicle was insured under a liability insurance policy, but there was no insurance coverage for this incident. Claimant’s out-of-pocket expenses were $797.40. Specifically, the expenses reflect a $50.00 towing bill and $747.40 in repair work to the transmission.
The position of the respondent was that the incident did not occur on a road that it maintained. An on-site inspection of Pennsylvania Avenue by the chief inspector for respondent, an eighteen year veteran, revealed that there was no pronounced crown on Pennsylvania A venue. R ather, there is a p ronounced c rown o n R andolph Street. According to respondent, Randolph Street starting at and including Quarrier Street, belongs to the City of Charleston. No changes have been made to Pennsylvania Avenue since March 27,1998. Also, there have been no other complaints regarding a crown on Pennsylvania Avenue.
After a review of the evidence adduced at the June 11, 1999, hearing and a view of the intersection by the Court, the C ourt i s o f the opinion that there is a pronounced crown at the intersection in question. However, the change in grade at this intersection is not unlike other West Virginia roads. While the Court is sympathetic to claimant’s predicament, the Court is unwilling to declare the change in grade at the intersection of Pennsylvania Avenue and Quarrier Street to constitute negligence on respondent’s part. The opinion of the Court is that the intersection was reasonably maintained. Respondent can not be required to build West Virginia roads to suit specialty vehicles such as that of claimant. Otherwise, a undue burden would be placed on the State. Consequently, there is insufficient evidence of negligence on which to base an award.
In view of the foregoing, the Court hereby denies this claim.
Claim disallowed.

 While claimant contends that he was at this location, the receipt from the towing bill states that the location of the vehicle was at the intersection of Ohio and Wyoming Streets, which are streets maintained by the City of Charleston.